CHARLES H. HORN (SBN 63361)
CARLA MENINSKY (SBN 233470)
LeClairRyan, LLP
44 Montgomery Street, Thirty-first Floor
San Francisco, CA 94104
Telephone: (415) 391-7111
Facsimile: (415) 391-8766

Attorneys for Defendant
BRAINFM, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRAINFM, INC., a Delaware corporation and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 2:19-cv-1217-R-GJS**<br><br>**DEFENDANT BRAINFM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP §12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE:   May 6, 2019**<br>**TIME:    10:00 a.m.**<br>**PLACE: Courtroom 880, 8th Floor**<br><br>Assigned to Hon. Manuel L. Real<br><br>*Complaint Filed: February19, 2019* |

## Table of Contents

**Page**

NOTICE OF MOTION AND MOTION .................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 4

I.     INTRODUCTION.......................................................................................... 4

II.    FACTUAL ALLEGATIONS ........................................................................ 4

III.   LEGAL STANDARD .................................................................................... 5

IV.    ARGUMENT ................................................................................................. 7

       A.    Plaintiff Cannot Bring A Direct Claim Under the APRL .................... 7

             1.    The Express Language of the APRL Affords No Private
                   Right of Action ........................................................................ 7

             2.    Legislative History As Well As the Express Language of the
                   UCL Demonstrates Legislative Intent to Provide A Remedy
                   For the APRL ........................................................................... 9

       B.    Plaintiff's APRL Causes of Action Fail To Show Code Violations
             By Defendant ...................................................................................... 10

       C.    Plaintiff Fails to State a UCL Cause of Action .................................. 12

             1.    Plaintiff Lacks Standing to Bring a UCL Cause of Action...... 12

             2.    Plaintiff cannot State an Unlawful UCL Claim Because She
                   Cannot Allege Facts Establishing a Violation of the APRL.... 14

             3.    Plaintiff cannot State an Unfair UCL Claim Because She
                   Cannot Allege Facts Establishing a Violation of the APRL.... 14

       D.    Plaintiff Fails to State Facts to Support Recovery of Attorney's
             Fees Under Calif. Civ. Proc. Code §1021.5 ........................................ 15

V.     CONCLUSION ............................................................................................ 16

1

## Table of Authorities

2

**Cases**

3

*Ascon Props., Inc. v. Mobil Oil Co.,*
    866 F.2d 1149 (9th Cir. 1989) ............................................................ 6

4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................... 6, 10

5

*Balisteri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir, 1988) ............................................................. 6

6

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................... 6

7

*Berryman v. Merit Property Management, Inc.*
    152 Cal.App.4th 1544 (2007) ........................................................... 14

8

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir, 1996) .............................................................. 6

9

*Californians for Disability Rights v. Mervyn's , LLC,*
    39 Cal 4th 223 (2006) .................................................................... 13

10

*Cel-Tech Comms, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal.4th 163 (1999) ................................................................ 12, 15

11

*Children & Families Com. of Fresno County v. Brown,*
    228 Cal.App.4th 45 (2014) .............................................................. 16

12

*Graham v. Bank of America, N.A.,*
    226 Cal. 4th 594 (2014) ............................................................ 12, 15

13

*Hambrick v. Healthcare Partners Med.Grp., Inc.,*
    238 Cal.App.4th 124 (2015) ............................................................ 12

14

*Intri–Plex Techs. v. Crest Group, Inc.,*
    499 F.3d 1048 (9th Cir. 2007) ............................................................ 6

15

*Kwikset Corp. v. Sup. Ct.,*
    51 Cal. 4th 201 (2011) .................................................................. 13

16

*Lu v. Hawaiian Gardens Casino, Inc.,*
    50 Cal. 4 592 (2010) ...................................................................... 7

17

*Nelson v. Pearson Ford Co.,*
    186 Cal.App.4th 983 (2010) ............................................................ 12

18

*Noe v. Sup. Ct.,*
    237 Cal. App 4th 316 (2015) ............................................................. 7

19

*Robins v. Spokeo, Inc.,*
    867 F.3d 1108 (9th Cir. 2017) .......................................................... 13

20

*Spokeo, Inc. v. Robins,*
    136 S.Ct. 1540 (2016) ................................................................... 13

21

*Zhang v. Superior Court,*
    57 Cal.4th 364 (2013) .............................................................. 12, 14

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................... 5

Fed. R. Civ. P. 8(A)(2) ................................................................... 11

22

23

24

25

26

27

28

ii

9061699711

**Statutes**

Cal. Bus, & Prof. Code § 17602(a) ...................................................................8

Cal. Bus, & Prof. Code 17204 .........................................................................7

Cal. Bus. & Prof. Code § 17200........................................................................12

Cal. Bus. & Prof. Code § 17204........................................................................13

Cal. Bus. & Prof. Code § 17604........................................................................16

Cal. Bus., & Prof. Code § 17602(a)(1).............................................................10

Cal. Bus., & Prof. Code § 17602(a)(2).............................................................11

Cal. Bus., & Prof. Code § 17602(b). ................................................................12

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216
    (3d ed. 2004) ............................................................................................6

Prop. 64, § 1, subd. (e) (2004).........................................................................13

Senate Judiciary Committee, Bill Analysis of Sen. Bill No. 340 (2009-2010 Reg.
    Sess,) ........................................................................................................9

DEFENDANT BRAINFM, INC.'S MOTION TO DISMISS

906169921.1

1                     **NOTICE OF MOTION AND MOTION**

2        TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS

3 OF RECORD:

4        PLEASE TAKE NOTICE THAT on May 6, 2019 at 10:00 a.m., or as soon

5 thereafter as the matter be heard in the above-entitled court, located at Roybal

6 Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA

7 90012, Courtroom 880, 8th Floor, Defendant BrainFM, Inc. ("Defendant"), will

8 and hereby does move the Court to dismiss this action or certain portions of this

9 action pursuant to Federal Rule of Civil Procedure ("FRCP") section12(b)(6).

10        The Court should grant the relief on the grounds that:

11     1. The first cause of action for FAILURE TO PRESENT AUTOMATIVE

12        RENEWAL OFFER TERMS FOR CONTINUOUS SERVICE OFFER

13        TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL,[sic]

14        PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL.

15        BUS. & PROF. CODE§ 17602(a)(1) fails to state facts sufficient to

16        constitute a cause of action against Defendant.

17     2. The first cause of action for FAILURE TO PRESENT AUTOMATIVE

18        RENEWAL OFFER TERMS FOR CONTINUOUS SERVICE OFFER

19        TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL,[sic]

20        PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL.

21        BUS. & PROF. CODE§ 17602(a)(1) is vague and ambiguous.

22     3. The second cause of action for FAILURE TO OBTAIN CONSUMER"S

23        AFFIRMATIVE CONSENT BEFORE THE SUBSRIPTION IS

24        FULFILLED (CAL BUS. & PROF.CODE §§ 17602(a)(2) and 17603)

25        fails to state facts sufficient to constitute a cause of action against

26        Defendant.

27     4. The second cause of action for FAILURE TO OBTAIN CONSUMER"S

28        AFFIRMATIVE CONSENT BEFORE THE SUBSRIPTION IS

1     FULFILLED (CAL BUS. & PROF.CODE §§ 17602(a)(2) and 17603) is

2     vague and ambiguous.

3     5. The third cause of action for FAILURE TO PROVIDE

4     ACKNOWLEDGMENT WITH AUTOMATIC RENEWAL TERMS

5     AND INFORMATION REGARDING CANCELLATION POLICY

6     (CAL. BUS. & PROF.CODE §§ 17602(a)(2) and 17602(b))  fails to state

7     facts sufficient to constitute a cause of action against Defendant.

8     6. The third cause of action for FAILURE TO PROVIDE

9     ACKNOWLEDGMENT WITH AUTOMATIC RENEWAL TERMS

10    AND INFORMATION REGARDING CANCELLATION POLICY

11    (CAL. BUS. & PROF.CODE §§ 17602(a)(2) and 17602(b))  is vague and

12    ambiguous.

13    7. The fourth cause of action FOR VIOLATION OF THE UNFAIR

14    COMPETITION LAW (CAL. BUS. & PROF.CODE§ 17200 *et. seq*,)

15    fails to state facts sufficient to constitute a cause of action against

16    Defendant.

17    This motion is based on the following arguments, which are detailed in the

18  Memorandum of Points and Authorities below:

19    1. California's Automatic Purchase Renewals Law ("APRL") provides no

20    private right of action.  Therefore, Plaintiff is precluded from bringing her

21    three causes of action for "VIOLATIONS OF CALIFORNIA'S

22    AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS

23    CODE §§17600-17604).  Furthermore, Plaintiff has failed to allege facts

24    to show the Defendant has violated the provisions of CALIFORNIA'S

25    AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS

26    CODE §§17600-17604).

27    2. Plaintiff's Unfair Competition Law ("UCL") cause of action fails because

28    Plaintiff has not sufficiently alleged she has suffered a concrete injury in

2

906169921 1

1  fact and a loss of money or property caused by Defendant's wrongdoing.
2  Therefore, Plaintiff lacks standing to bring a UCL claim.  Furthermore,
3  Plaintiff has failed to allege facts to show the Defendant has committed
4  unfair or unlawful acts in violation of the UCL.

5  The motion will be based on the Notice of Motion and Motion, the
6  Memorandum of Points and Authorities set forth below, on the pleadings and
7  papers filed in this matter and on any and all argument and evidence provided in
8  support and/or in opposition, and at the hearing hereon.

9

10  Respectfully submitted,

11

12  DATED: March 14, 2019          LeClairRyan, LLP

13

14                                 By:   /s Carla Meninsky
15                                       CHARLES H. HORN
                                         CARLA MENINSKY
16
                                         Attorneys for Defendant
17                                       BRAINFM, INC.

18

19

20

21

22

23

24

25

26

27

28

3

906169921.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Brianna Rivera ("Plaintiff") claims to have been harmed by purportedly subscribing to one of Defendant BrainFM, Inc's subscription services. However, her boilerplate complaint lacks the basic facts to describe how she was harmed or how Defendant's actions caused her harm.  Instead, she relies on conclusory allegations of technical violations of California's Automatic Purchase Renewals Law ("APRL"), without providing any substance to her claims demonstrating Defendant's alleged non-compliance.  Plaintiff brings her actions under the APRL and California's Unfair Competition Law ("UCL").

Plaintiff's APRL claims must be dismissed, because the APRL does not provide a private right of action.  Nor are her APRL claims capable of being amended to state a cause of action.  Plaintiff's UCL claim must be dismissed because she can show no concrete injury in fact or any monetary or property loss, and therefore she lacks standing to bring a claim in either an individual or representative capacity.

### II.   FACTUAL ALLEGATIONS

Plaintiff makes the following factual allegations in her complaint.  The few facts that are set forth in the complaint are confusing and contradictory, indicating that this is a boilerplate complaint.  Defendant makes no concession as to the accuracy of the allegations, but merely repeats the allegations for completeness.

Plaintiff claims to have at some point purchased a "subscription plan" from Defendant.  The subscription plan that Plaintiff purchased is undefined as to renewal terms or renewal period, but Plaintiff first asserts that the subscription she purchased was for ready-made meals and related products.  She later states that Defendant offers music streaming and related products.  Plaintiff alleges that her purchase was made during a "Class Period," but fails to state whether the purchase was made before or after the APRL went into effect, as the term "Class Period," is

4

906169921.1

1   undefined.  The complaint does incorporate an image of an unauthenticated email
2   acknowledgement purportedly from Defendant to Plaintiff, which she appears to
3   have received after her purchase was made and which she retained, indicating that
4   Plaintiff's purchase was made on May 25, 2018 and providing an electronic link to
5   her new account.

6          Plaintiff incorporates an image of what appears to be a partial screen shot of
7   Defendant's webpage for its offers, which shows options for either of two renewal
8   subscriptions or a non-subscription option.  Each option shows the cost and length
9   of the renewal period.  The text setting out the renewal terms states in a clear,
10  conspicuous manner, "GET IT MONTHLY," "GET IT YEARLY, GET IT
11  FOREVER."  Plaintiff incorporates a second image of what appears to be a partial
12  screen shot of Defendant's webpage for the offer once it is selected by a potential
13  subscriber.

14         Plaintiff concedes that Defendant's website "mentions" cancellation of
15  purchases before any buyer "finalizes a purchase" of an automatic renewal
16  subscription, but fails to define what is lacking that prevents it from being a "full"
17  cancellation policy.  And even though there is an additional page the buyer must
18  click through which contains this notice of rights of cancellation before s/he is able
19  to finalize the purchase, Plaintiff fails to assert why it is insufficient to qualify as an
20  affirmative consent to the purchase of an automatic renewal subscription.  Plaintiff
21  demonstrates that she received an acknowledgement from Defendant of her
22  subscription purchase, which she was capable of retaining.

23         Finally, Plaintiff fails to state how she was harmed, how she suffered an
24  injury in fact, or whether she had any monetary or property loss from her purported
25  subscription for Defendant's products and services.

26  **III.   LEGAL STANDARD**

27         A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in
28  the complaint.  Dismissal under Rule 12(b)(6) is proper where there is either a

1    "lack of a cognizable theory," or "the absence of sufficient facts alleged under a

2    cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

3    Cir, 1988).

4        The court must accept all factual allegations pleaded in the complaint as true,

5    and construe them and draw all reasonable inferences from them in favor of the

6    nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir,

7    1996). The court need not, however, accept as true unreasonable inference or

8    conclusory legal allegations cast in the form of factual allegations. *Ashcroft v.*

9    *Iqbal*, 556 U.S. 662, 678 (2009) ("A court is not bound to accept as true a legal

10   conclusion couched as a factual allegation." (quoting *Twombly*, 550 U.S. at 555)).

11   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

12   detailed factual allegations, a plaintiff's obligation to provide the grounds of his

13   entitlement to relief requires more than labels and conclusions, and a formulaic

14   recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

15   *Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

16   "Factual allegations must be enough to raise a right to relief above the speculative

17   level." *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R.

18   Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

19   pleading must contain something more than "a statement of facts that merely

20   creates a suspicion [of] a legally cognizable right of action.")).

21        Dismissal without leave to amend is proper when it is clear that the

22   complaint cannot be saved by any amendment. *Intri–Plex Techs. v. Crest Group,*

23   *Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007); *Ascon Props., Inc. v. Mobil Oil Co.*, 866

24   F.2d 1149, 1160 (9th Cir. 1989) ("Leave to amend a Motion to Dismiss should not

25   be granted where the amendment constitutes… an exercise in futility.").

26

27

28

1   **IV.   ARGUMENT**

2       **A.   Plaintiff Cannot Bring A Direct Claim Under the APRL**

3         Plaintiff brings her first three causes of action pursuant to California's

4   Automatic Purchase Renewals Law ("APRL").  But that statute does not create a

5   private right of action and does not permit direct civil claims.  Since Plaintiff's first

6   three causes of action must, therefore, fail and cannot be amended to state a claim,

7   they must be dismissed without leave to amend.

8         **1.   The Express Language of the APRL Affords No Private**

9             **Right of Action**

10        No private right of action exists under a California statute unless the

11  California Legislature has manifested an intent to create one.  *Lu v. Hawaiian*

12  *Gardens Casino, Inc.*, 50 Cal. 4 592, 596 (2010) (citations omitted).  "Such

13  legislative intent, if any, is revealed through the language of the statute and its

14  legislative history." *Id.*  "[C]lear, unmistakable terms" in a statute "strongly and

15  directly indicate" legislative intent to confer a private right of action. *Id.*, at 597.  If

16  the statute does not contain such express language, "resort to legislative history is

17  next in order." *Id.*

18        There is no explicit language in the APRL that authorizes a private right of

19  action.  Unlike the UCL, where the Legislature unambiguously vested a right to sue

20  in those harmed by violations of the UCL: "[a]ctions for relief pursuant to this

21  chapter shall be prosecuted exclusively in a court of competent jurisdiction…by a

22  person who has suffered injury in fact and has lost money or property as a result of

23  the unfair competition." (Bus, & Prof. Code 17204), the language of the APRL

24  shows no similar clear, unmistakable statutory terms which strongly and directly

25  indicate legislative intent to confer a private right of action. *Lu*, 50 Cal. 4th at 597;

26  *see also Noe v. Sup. Ct.*, 237 Cal. App 4th 316, 337-39 (2015) ( no private right of

27  action created by Labor Code section that "describes the prohibited conduct" and

28  "provides for a civil penalty [but] contains no language suggesting the penalty is

1   recoverable directly by employees").

2       The Legislature was capable of stating its clear intent, when it wanted to.

3   Section 17600 of the APRL states: "It is the intent of the Legislature to end the

4   practice of ongoing charging of consumer credit or debit cards or third party

5   payment accounts without the consumer's explicit consent for ongoing shipments

6   of a product or ongoing deliveries of service."  Section 17602 is the operative

7   provision of the statute.  It states that "[i]t shall be unlawful for any business that

8   makes an automatic renewal offer or continuous service offer to a consumer in this

9   state to" engage in a short enumerated list of practices:

10       (1) Failure to present automatic renewal terms in a clear and conspicuous

11           manner before the purchase is made;

12       (2) Failure to obtain affirmative assent to automatic renewal terms before

13           charging for payment;

14       (3) Failure to provide an acknowledgement that is capable of being retained,

15           that contains the renewal terms, cancellation policy, and information on

16           how to cancel.

17   Section 17602(a).

18       Section 17603 similarly does not contain language granting the purchaser a

19   direct right to bring an action under the APRL.  Section 17603 is a limitation on the

20   provider of the goods or services if the provider fails to satisfy the requirement in

21   section 17602(a)(2) of obtaining affirmative consent prior to the purchase.  In that

22   event, the statute precludes the provider from bringing a claim against the

23   purchaser seeking compensation for the goods or services already provided, by

24   deeming the already provided goods and services an "unconditional gift."

25       The sole reference to remedies for failure to adhere to the practices listed in

26   Section 17602, is found in Section 17604.  Section 17604 provides that violation of

27   the APRL is not a crime under Section 17534, but "all available civil remedies

28   under this article may be employed."  The reference to section 17534 is an

8

906169921.1

1  indication that the sole remedies for the APRL are preexisting and found elsewhere

2  in the Code, such as under the enforcement provisions of the UCL, sections 17200,

3  *et. seq.*

4  　　　　**2.　　Legislative History As Well As the Express Language of the**

5  　　　　　　　**UCL Demonstrates Legislative Intent to Provide A Remedy**

6  　　　　　　　**For the APRL**

7  　　　　The legislative history of the APRL demonstrates no different intent.  The

8  Senate Judiciary Bill Analysis confirms that the Legislature intended that the only

9  remedies available under the bill were to be found under the UCL.  See Senate

10  Judiciary Committee, Bill Analysis of Sen. Bill No. 340 (2009-2010 Reg. Sess,).

11  Nothing in the discussion indicates that the Legislature intended to create a new

12  private right of action for violations of the APRL.

13  　　　　In fact, the statutory structure indicates that the Legislature considered the

14  APRL as simply another aspect or prong of California's UCL.  Section 17200

15  expressly states that "unfair competition shall mean and include… any act

16  prohibited by Chapter 1 (commencing with section 17500)," which includes the

17  APRL.  Section 17203 expressly provides for a private right to injunctive relief for

18  practices encompassed by section 17200's definition of unfair competition.

19  However, section 17203 precludes a private individual from bringing representative

20  claims unless that person satisfies the standing requirement of section 17204.  The

21  standing requirement sets a high bar, because not only does it require Article III

22  standing, but also requires a showing of economic harm.  Sections 17204 ("Actions

23  for relief pursuant to this chapter shall be prosecuted <u>exclusively</u> …by a person

24  who has suffered injury in fact and has lost money or property as a result of the

25  unfair competition.").

26  　　　　Therefore, without a private right of action, Plaintiff's attempt to bring her

27  causes of action directly under the APRL must fail and must be dismissed.

28

9

9061699211

1         **B.**     **Plaintiff's APRL Causes of Action Fail To Show Code Violations**

2              **By Defendant**

3         Even if the Court were to find that the APRL does provide Plaintiff with a

4   direct right of action, Plaintiff's first three causes of action would still fail.  The

5   allegations in the Complaint are too vague to give Defendant fair notice of what

6   Plaintiff's claims are and the grounds upon which they rest.  FRCP 8(A)(2).  For

7   each element of her claims, Plaintiff merely recites legal conclusions couched as a

8   factual allegations, which the Court is not required to hold to be true.  *Ashcroft*, 556

9   U.S. at 678.

10        Plaintiff's first cause of action makes the claim that Defendant violated

11  section 17602(a)(1) in the course of Plaintiff's purchase of Defendant's online

12  music streaming products.  Section 17602 requires notice of the automatic renewal

13  terms "<u>before</u> the subscription or purchasing agreement is fulfilled."  Section

14  17602(a)(1).  It also requires that the terms are placed in visual proximity to the

15  <u>request for consent</u> to the offer.

16        Yet, Plaintiff admits she received notice of the automatic renewal terms and

17  the right to cancel the subscription <u>before</u> her subscription was fulfilled.  Plaintiff

18  describes being taken to two different pages in making her purchase.  The first page

19  showed the various options available to purchase, while the second page was

20  specific to the option she chose.  The first partially captured screenshot displays the

21  terms of the automatic renewal options.  The second partially captured screenshot

22  appears to display the terms of the specific option she chose.  She admits that the

23  second page also contained both a request for her consent to the purchase of her

24  choice, as well as a notification of her right to cancel the subscription.  Thus,

25  Plaintiff's description places the automatic renewal terms in the proximity of the

26  request for consent.  Accordingly, Plaintiff has not demonstrated that Defendant

27  failed to comply with the terms of section 17602(a)(1).

28        Plaintiff's second cause of action rests on the text of section 17602(a)(2),

1  which requires the seller to "first obtain[] affirmative consent to the agreement

2  containing the automatic renewal offer terms" before charging for payment.

3  Section 17602(a)(2). Again, Plaintiff admits that once she had accepted one of

4  Defendant's offers by clicking on a subscription option, Defendant's website took

5  her to a second page which indicated an agreement between her and Defendant to

6  periodically receive her chosen option with its specific renewal terms and

7  cancellation policy. Plaintiff concedes that the click on the subscription option did

8  not result in an immediate charge to her credit or debit card, but instead the

9  webpage required "prospective subscribers to finalize[] a purchase" before they

10  could be charged. In other words, Defendant's webpage seeks "affirmative

11  consent" to the agreement containing the automatic renewal offer terms, before

12  charging for payment. Accordingly, Plaintiff has not demonstrated that Defendant

13  failed to comply with the terms of section 17602(a)(2).

14      Plaintiff's third cause of action rests on the text of section 17602(a)(3),

15  which requires the seller to provide an acknowledgement that is capable of being

16  retained by the purchaser and which contains the renewal offer terms, cancellation

17  policy and information on how to cancel. Here Plaintiff displays the image of the

18  email she purportedly received and which she was capable of retaining. The email

19  contains an acknowledgement of her purchase and a link to her personal account

20  with the renewal terms, cancellation policy and information on how to cancel her

21  subscription. The link is an electronic address that serves as "a cost-effective, easy-

22  to –use mechanism for cancellation," pursuant to section 17602(b). Accordingly,

23  Plaintiff has not demonstrated that Defendant failed to comply with the terms of

24  section 17602(a)(3) or 17602(b).

25      Because Plaintiff has failed to allege any facts sufficient to support a cause

26  of action under the APRL, the Court should dismiss her three APRL causes of

27  action.

28

C.     **Plaintiff Fails to State a UCL Cause of Action**

The UCL "defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.' *Cel-Tech Comms, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) (quoting  Bus. & Prof. Code § 17200.) Because the UCL "is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. " *Cel–Tech*, 20 Cal.4th at 180.  While Plaintiff does not state a cause of action under any of the three varieties, Plaintiff states she brings her UCL cause of action pursuant to the "unlawful" and "unfair" prongs.

Remedies under the UCL, are limited to injunctive relief and restitution, not damages or attorney's fees. *Graham v. Bank of America, N.A.*, 226 Cal. 4th 594, 609-10 (2014).  Further, "restitutionary or injunctive relief is not mandatory; rather, equitable considerations may guide the court's discretion in fashioning a remedy for a UCL violation." *Hambrick v. Healthcare Partners Med.Grp., Inc.*, 238 Cal.App.4th 124, 156 (2015)(quoting *Nelson v. Pearson Ford Co.*, 186 Cal.App.4th 983, 1015 (2010)).  "The UCL does not require restitutionary or injunctive relief when an unfair business practice has been shown.  Rather, it provides that the court 'may make such orders or judgments ... as may be necessary to prevent the use or employment ... of any practice which constitutes unfair competition ... or as may be necessary to restore ... money or property.'" *Id.* (quoting *Zhang v. Superior Court*, 57 Cal.4th 364, 371 (2013)).  Because Plaintiff is not entitled to damages or attorney's fees under the UCL, any prayers for relief for such remedies should be dismissed.

1.     **Plaintiff Lacks Standing to Bring a UCL Cause of Action**

The UCL was amended in 2004 to put an end to longstanding abuses of the statute by "prohibit[ing] private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact[.]" *Californians for Disability Rights v. Mervyn's , LLC*, 39 Cal 4th 223, 228

12

906169921.1

1   (2006)(quoting Prop. 64, § 1, subd. (e) (2004).  To that end, a private claim under

2   the UCL may be brought only by a "person who has suffered injury in fact **and** has

3   lost money or property as a result of the unfair competition."  Bus. & Prof. Code §

4   17204.  This enhanced standing requirement serves to restrict UCL claims to those

5   who can demonstrate that they suffered economic injury due to a defendant's

6   alleged wrongdoing.  *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 201, 322-23 (2011).

7   Here, Plaintiff lacks standing to bring a UCL claim because she satisfies neither

8   requirement.  She has not alleged, and cannot, allege a concrete injury in fact and

9   she has made no allegation that she suffered any economic loss.

10          The Supreme Court, in Spokeo, held that "[t]o establish injury in fact, a

11   plaintiff must show that he or she suffered an invasion of a legally protected

12   interest that is concrete and particularized and actual or imminent, not conjectural

13   or hypothetical.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016) (internal

14   quotations omitted).  Allegations of a "bare procedural violation, divorced from any

15   concrete harm," is insufficient to satisfy the injury-in-fact requirement of Article

16   III.  *Id.* at 1550 ("Article III standing requires a concrete injury even in the context

17   of a statutory violation.").  "To establish such an injury, the plaintiff must allege a

18   statutory violation that caused him to suffer some harm that "actually exist[s]" in

19   the world; there must be an injury that is "real" and not "abstract" or merely

20   "procedural." In other words, even when a statute has allegedly been violated,

21   Article III requires such violation to have caused some real—as opposed to purely

22   legal—harm to the plaintiff." *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017)

23   (quoting *Spokeo*, 136 S.Ct. at 1550).

24          Pursuant to her UCL claim, Plaintiff makes a conclusory allegation that she

25   has suffered injury in fact simply from having purchased Defendant's online

26   products.  Complaint, 15:13-16.  Plaintiff's previous allegations as to Defendant's

27   statutory violations lack merit. *See* discussion supra, section III.B.

28          Nor has Plaintiff alleged any concrete harm in her complaint.  She admits

1   that she purchased Defendant's products for personal, family or home use. She

2   makes no allegations that Defendant owes her money because it failed to provide

3   the products and services to which she subscribed or that she was unable to cancel

4   her subscription when she desired. She makes no allegations that Defendant's

5   services have led in any way to unwanted charges. Further, Plaintiff has shown

6   that she cannot satisfy the section 17603 provision that would turn the deliveries of

7   Defendant's products and services into an unconditional gift, because she admits

8   Defendant's website requires a purchaser to affirmatively finalize their purchase of

9   an automatic renewal subscription before being charged for payment. Therefore, as

10  Plaintiff cannot establish she has standing to bring her UCL cause of action, it must

11  be dismissed with prejudice.

12          **2.      Plaintiff cannot State an Unlawful UCL Claim Because She**

13                  **Cannot Allege Facts Establishing a Violation of the APRL.**

14          Even, assuming the Defendant is found to have technically violated some

15  procedural aspect of the APRL—which Defendant claims it has not—such that  the

16  Court were to hold gives Plaintiff standing, Plaintiff's factual allegations do not

17  amount to a violation of the APRL.

18          "By proscribing 'any unlawful' business act or practice [citation], the UCL

19  'borrows' rules set out in other laws and makes violations of those rules

20  independently actionable." *Id.* (citing *Zhang*, 57 Cal.4th at 370). A "violation of

21  another law is a predicate for stating a cause of action under the UCL's unlawful

22  prong." *Id.* (citing *Berryman v. Merit Property Management, Inc*. 152 Cal.App.4th

23  1544, 1554 (2007). Here, again, the only law that Plaintiff alleges Defendant

24  violated is the APRL. As previously discussed in Section III.B. of this motion

25  Plaintiff's factual allegations do not amount to a violation of the APRL.

26          **3.      Plaintiff cannot State an Unfair UCL Claim Because She**

27                  **Cannot Allege Facts Establishing a Violation of the APRL.**

28          The same is true of the "unfair" prong of the UCL. Prior to the California

Supreme Court decision in *Cel–Tech*, California courts defined "unfair" as a practice that offends public policy or "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" or required courts to "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Cel–Tech*, 20 Cal.4th at 184–185.  In deciding that the prior definition was too vague, the Cel–Tech court concluded the unfair prong must require the alleged public policy violation be "tethered to specific constitutional, statutory, or regulatory provisions." *Graham*, 226 Cal. 4th at 612 (quoting *Cel–Tech*, 20 Cal.4th, at 186–187).

Here, the only predicate law that Plaintiff appears to be focused on in her Complaint is the APRL.  And, while it is not clear if Plaintiff is making the claim that Defendant has violated the <u>public policy</u> of the APRL, section 17600 of the APRL clearly states the public policy to be "to end the practice of ongoing charging of consumer credit or debit cards …without the consumer's explicit consent for ongoing shipments of a product or ongoing deliveries of service…" Here, as discussed in detail above, Plaintiff has failed to show that Defendant did not obtain her consent to the ongoing subscription to Defendant's products and services, before charging her for payment.

Since the UCL requires sufficient pleading of a predicate violation in order to bring a viable UCL claim, and Plaintiff has shown she is unable to do so, Plaintiff's UCL cause of action necessarily fails.  Therefore, Plaintiff's UCL cause of action must be dismissed.

### D.    Plaintiff Fails to State Facts to Support Recovery of Attorney's Fees Under Calif. Civ. Proc. Code §1021.5

"[A]n award under Code of Civil Procedure section 1021.5 requires a showing that (1) the litigation enforced an important right affecting the public interest; (2) it conferred a significant benefit on the general public or a large class

of persons; and (3) the necessity and financial burden of private enforcement (or enforcement by one public entity against another) were such as to make the award appropriate.  Since the statute states the criteria in the conjunctive, each element must be satisfied to justify a fee award.  The third element, the necessity and financial burden requirement, involves two issues: whether private enforcement was necessary and whether the financial burden of private enforcement warrants subsidizing the successful party's attorneys." *Children & Families Com. of Fresno County v. Brown,* 228 Cal.App.4th 45, 55 (2014) (internal quotes and citations ommitted).

Plaintiff's entire complaint rests on alleged violations of the APRL.  Not only is Plaintiff  unlikely to prevail on her claims, but she fails to state what important right affecting the public interest that she is enforcing.  The APRL is not remedying an important aspect of public health or safety.  The Legislature made clear it did not consider violations of the APRL to be sufficiently egregious to amount to a crime, as it does for violations of other forms of unfair competition under the UCL.  *See*  Bus. & Prof. Code §17604.  To date, Defendant is aware of no court that has made an award of attorney fees pursuant to Code of Civil Procedure section 1021.5 based on a violation of the APRL.

Therefore, Plaintiff's prayer for relief for an award of attorney's fees pursuant to section 1021.5 should be dismissed without leave to amend.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss all of Plaintiff's claims and causes of action with prejudice.

/ / /

/ / /

/ / /

/ / /

16

906169921.1

1    RESPECTFULLY SUBMITTED.

2
                                        LeClairRyan, LLP
3
    DATED: March  14, 2019
4

5
                                        By:    /s Carla Meninsky
6                                              CHARLES H. HORN
                                               CARLA MENINSKY
7
                                               Attorneys for Defendant
8                                              BRAINFM, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        17
906169921.1

1   Brianna Rivera, et al. v. BrainFM, Inc., et al

2   USDC of Central District of California - CASE NO.: 2:19-CV-1217 R (GJSX)

3

4

5                           **CERTIFICATE OF SERVICE**

6

7
          I declare that I am a citizen of the United States, employed in the County of
8
    San Francisco, California, over the age of eighteen years, and not a party to the
9
    within cause. My business address is 44 Montgomery Street, Suite 3100, San
10
    Francisco, CA 94104
11
          On the date last shown below, I served the foregoing
12

13   **DEFENDANT BRAINFM, INC.'S NOTICE OF MOTION AND MOTION**
     **TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH**
14   **RELIEF CAN BE GRANTED (FRCP §12(b)(6)); MEMORANDUM OF**
     **POINTS AND AUTHORITIES IN SUPPORT THEREOF**
15

16
    On the interested partied in said action:
17

18
    Scott J. Ferrell, Esq.
19   PACIFIC TRIAL ATTORNEYS
20   A Professional Corporation
     4100 Newport Place Drive, Suite 800
21   Newport Beach, CA 92660
     Telephone: (949) 706-6464
22   Email: SFerrell@pacifictrialattorneys.com
23

24   in the manner set forth below.

25

26   __x__ (VIA U.S. MAIL) I placed for collection and deposit in the U.S. mail, copies
     of the above document(s) at 44 Montgomery St., Suite 3100, San Francisco, CA
27   94104, in a sealed envelope, addressed as above. I am readily familiar with the
28   practice of LECLAIRRYAN LLP for the collection and process of correspondence

                                           1
                           CERTIFICATE OF SERVICE

906170987-1

1  for mailing with the U.S. Postal Service.  In accordance with the ordinary course of
2  business, the above documents would have been deposited for first-class delivery
3  on same day, with postage thereon fully prepaid

4

5      I certify and declare under penalty of perjury under the laws of the State of
6  California that the foregoing is true and correct and that this declaration was
7  executed on March 14, 2019 at San Francisco, California.

8

9                                              By _____
                                                  Judy M. Olson
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

CERTIFICATE OF SERVICE

906170987-1